**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ELIO ARIEL MEJIA MARQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02101-TLP-cgc |
| v. | ) | |
| | ) | |
| MELLISSA B. HARPER,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE**
**AND DIRECTING CLERK TO MODIFY DOCKET**

Petitioner Elio Ariel Mejia Marquez, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)[2]

The Court respectfully **DIRECTS** the Clerk to serve a copy of the § 2241 Petition and this Order on Respondent by certified mail and provide a copy of the § 2241 Petition and this Order to the United States Attorney for the Western District of Tennessee.  The Clerk shall also serve the United States Attorney for the Western District of Tennessee electronically at the following email address: stuart.canale@usdoj.gov.  Under Federal Rule of Civil Procedure 4(i),

---

[1] Scott Ladwig, not Mellissa Harper, is the current Acting Field Office Director at the U.S. Immigrations and Customs Enforcement New Orleans Field Office.  *Aparicio Perez-Oxlaj v. Mellissa B. Harper*, No. 2:26-cv-02036-TLP-tmp, ECF No. 8 at PageID 23.  So the Court respectfully DIRECTS the Clerk to modify the docket to reflect "Scott Ladwig" as Respondent.

[2] To the extent Petitioner seeks relief based on the conditions of confinement at the detention facility (*See* ECF No. 1 at PageID 7), his claim is not appropriately presented in this habeas petition.  *See Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001).

1

the Clerk shall send copies of the § 2241 Petition and this Order by certified mail to U.S. Attorney General Pamela Bondi.

Under the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Court **ORDERS** Respondent not to remove Petitioner from the Western District of Tennessee while the § 2241 Petition is pending.  *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025).

Given the issues raised in the § 2241 Petition, the Court **ORDERS** Respondent to show cause in writing on or before close of business on Monday, February 9, 2026, why the § 2241 Petition should not be granted.  *See* 28 U.S.C. § 2243.  Respondent shall include in the return a thorough discussion of all facts and law relevant to the § 2241 Petition.

And the Court **ORDERS** Petitioner to file a reply on or before the close of business on Friday, February 13, 2026.  If Petitioner asserts that there are issues of fact necessary to be addressed at a hearing, Petitioner shall inform Respondent of those issues in the reply.

If necessary, the Court will set a hearing by separate order.  *See* 28 U.S.C. § 2243.

**SO ORDERED**, this 6th day of February, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE